IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Lester M. Dean, Jr.,**

   **Plaintiff,**

**v.**                   **Case No. 04-2100-JWL**

**Edward C. Gillette and**
**H. Vincent Monslow,**

   **Defendants.**

**MEMORANDUM & ORDER**

Plaintiff filed suit against defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. This matter is presently before the court on defendants' motions for summary judgment. As set forth in more detail below, the court grants both motions and dismisses plaintiff's complaint with prejudice.

**I. Facts**

The material facts of this case are fairly simple and, in large part, undisputed. Plaintiff Lester Dean is the sole owner and managing member of Glacier Development Company ("Glacier"). Glacier buys and develops commercial and residential real estate. In 2001, defendant H. Vincent Monslow, an attorney, began providing legal services to plaintiff and Glacier in connection with an application for a special use permit that plaintiff and Glacier filed with the Unified Government of Wyandotte County/Kansas City, Kansas in July 2001. The application for a special use permit related to plans of plaintiff and Glacier to develop certain property owned by

Glacier in Kansas City, Kansas. The application indicates that the Glacier property was zoned as "Heavy Industrial" and described the proposed use of the property as follows: "A diversion bypass channel to direct flood water into Turkey Creek together with a certified earthen compacted fill to accommodate high-flex commercial structures." Glacier's ultimate goal was to construct 400,000 square feet of "high-flex commercial buildings" on the property. Mr. Monslow continued to provide legal services to plaintiff and Glacier throughout 2002 and 2003.[1] These services included working on an appeal from the denial of the special use permit and assisting plaintiff and Glacier in condemnation proceedings initiated by the State of Kansas with respect to the Glacier property in Kansas City, Kansas.

In early 2004, Mr. Monslow formally ceased his representation of plaintiff and Glacier after they refused to pay Mr. Monslow certain legal fees that Mr. Monslow asserts he was owed for work performed in connection with the application for special use permit and the condemnation proceedings. On February 18, 2004, Mr. Monslow filed suit against plaintiff and Glacier in Kansas state court seeking to recover legal fees for the services he provided to plaintiff and Glacier. Defendant Edward Gillette, an attorney, represents Mr. Monslow in the underlying state court action. Shortly after Mr. Monslow filed his action against plaintiff and Glacier, plaintiff filed this suit alleging that Mr. Monslow and Mr. Gillette violated the FDCPA in various respects in attempting to recover the legal fees allegedly owed to Mr. Monslow.

---

[1] In October 2002, Mr. Monslow organized and incorporated his law firm, Monslow & Associates, P.C. Mr. Monslow is the president and sole director of the firm. Beginning in October 2002, Mr. Monslow and his law firm provided legal services to plaintiff and Glacier.

2

## II.     Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Lifewise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).  An issue is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."  *Id*. (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to

go beyond the pleadings and "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant. *Id.* (citing Fed. R. Civ. P. 56(e)). To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### III.   Plaintiff's Claim Against Mr. Monslow

The FDCPA applies only to "debt collectors" and only when their conduct is undertaken "in connection with the collection of any debt." *See Neff v. Capital Acquisitions & Management Co.*, 352 F.3d 1118, 1121 (7th Cir. 2003) (citing 15 U.S.C. § 1692e). As defined in the statute, a "debt collector" is a "person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6). It is undisputed that Mr. Monslow is not attempting to collect any debt "owed or due another." He is attempting to collect fees asserted to be owed to him. Mr. Monslow, then, is not a "debt collector" within the meaning of the FDCPA and plaintiff's claim must be dismissed as to Mr. Monslow. *See Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 482 n.3 (7th Cir. 1997) (FDCPA did not apply to the activities of a homeowners or condominium association in collecting a debt on its own behalf); *Munk v. Federal Land Bank of Wichita*, 791 F.2d 130, 132

(10th Cir. 1986) (FDCPA did not apply to individuals "not attempting to collect another's debt"); *Staub v. Harris*, 626 F.2d 275, 277 (3rd Cir. 1980) (the FDCPA does not apply to persons or businesses collecting debts on their own behalf); *Bleich v. Revenue Maximization Group, Inc.*, 239 F. Supp. 2d 262, 264 (E.D.N.Y. 2002) (hospital could not be held liable as a debt collector under the FDCPA where hospital was attempting to collect its own debt and not, as required by the FDCPA, a debt owed to another). To the extent Mr. Monslow is attempting to collect fees asserted to be owed to his law firm, Monslow & Associates, P.C., he is still not a "debt collector" within the meaning of the FDCPA as the statute expressly excludes from the definition of a "debt collector" any "officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). Plaintiff concedes that Mr. Monslow's law firm is a creditor and, as it is undisputed that Mr. Monslow is an officer of his law firm, Mr. Monslow cannot be held liable as a "debt collector" when attempting to collect fees asserted to be owed to his firm. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) (an agent or employee of the creditor is not covered by the FDCPA).[2]

---

[2] A creditor can be held liable as a "debt collector" when he, in the process of collecting his own debts, "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *See* 15 U.S.C. § 1692a(6). This exception, referred to as the "false name" exception, applies when a creditor uses someone else's name to give the "false impression" that someone other than the creditor–usually, an attorney–is involved in the effort to collect the amounts owed. *See Nielsen v. Dickerson*, 307 F.3d 623, 634 (7th Cir. 2002). There is no suggestion here that Mr. Gillette was not genuinely involved in the collection efforts. The exception, then, does not apply to Mr. Monslow. *Compare id.* (treating creditor as a "debt collector" for purposes of FDCPA where creditor used an attorney's name and letterhead to give the false impression that attorney was involved but attorney, in fact, was not genuinely involved in collection efforts).

### IV. Plaintiff's Claim Against Mr. Gillette

Not every obligation of a debtor to pay money is a "debt" for purposes of the FDCPA. Rather, the Act applies only to an obligation to pay money "arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." *See* 15 U.S.C. § 1692a(5). The relevant transaction in this case was the provision of legal services to plaintiff. Those legal services, undisputedly, were provided for the purpose of assisting plaintiff with various commercial endeavors, including the development of certain property for commercial buildings. Plaintiff's debt was not incurred "for personal, family, or household purposes" and, thus, the FDCPA simply does not apply to the debt. Plaintiff's claim against Mr. Gillette, then, must be dismissed.[3] *See First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133, 135-36 (5th Cir. 1995) (bank was not subject to FDCPA where it was trying to enforce an obligation under a guaranty agreement in connection with a commercial transaction; transaction, including a partnership's purchase of real estate, was commercial, not for personal or household purposes); *Munk,* 791 F.2d at 132 (FDCPA did not apply to transaction involving a loan for agricultural purposes as debt was not incurred for personal, family or household purposes)

### V. Mr. Monslow's Request for Fees

---

[3]While the court has dismissed plaintiff's complaint against Mr. Monslow on the grounds that Mr. Monslow is not a "debt collector" for purposes of the FDCPA, dismissal of plaintiff's complaint against Mr. Monslow is also appropriate for the independent reason that the "debt" owed by plaintiff is not covered by the FDCPA.

Mr. Monslow requests that the court award him reasonable attorney's fees for work expended and costs incurred in connection with this lawsuit. The request is made pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA, which permits the court to award such fees to a defendant in a FDCPA case where the court finds that the case "was brought in bad faith and for the purpose of harassment."[4] The court concludes that plaintiff brought this action against Mr. Monslow in bad faith and for the purpose of harassment and, thus, an award of fees is appropriate. Specifically, plaintiff brought this action against Mr. Monslow (and continued to pursue the claim long after he was cautioned by Mr. Monslow's counsel that his claim lacked any factual basis) when even the most cursory review of the statutory language reveals that Mr. Monslow is not a debt collector within the meaning of the FDCPA. Simply put, plaintiff's action against Mr. Monslow was "utterly without factual foundation" and thus, an award of fees is appropriate. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 411 (4th Cir. 1999) (affirming district court's award of fees to the defendant in FDCPA case where the plaintiff's claim lacked factual foundation).

As Mr. Monslow has not requested a specific amount of fees, the court defers resolution of that issue. In that regard, Mr. Monslow shall submit to the court within 30 days of the date of this order a supplemental memorandum setting forth the amount of fees reasonably incurred in this lawsuit. Plaintiff shall file any response to Mr. Monslow's supplemental memorandum within 20 days of service of Mr. Monslow's supplemental memorandum and Mr. Monslow will then have 20

---

[4]In his motion for summary judgment, Mr. Gillette states that he anticipates seeking an award of fees at a later date. Accordingly, there is no request for fees presently pending before the court with respect to Mr. Gillette.

days to file any reply.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Edward Gillette's motion for summary judgment (doc. #122) and defendant H. Vincent Monslow's motion for summary judgment (doc. #124) are granted and plaintiff's complaint is dismissed in its entirety.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Monslow shall submit to the court within 30 days of the date of this order a supplemental memorandum setting forth the amount of fees reasonably incurred in this lawsuit. Plaintiff shall file any response to Mr. Monslow's supplemental memorandum within 20 days of service of Mr. Monslow's supplemental memorandum and Mr. Monslow will then have 20 days to file any reply.

**IT IS SO ORDERED.**

Dated this 25th day of April, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge