IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Lester M. Dean, Jr.,**

   **Plaintiff,**

v.               Case No. 04-2100-JWL

**Edward C. Gillette and**
**H. Vincent Monslow,**

   **Defendants.**

### MEMORANDUM & ORDER

Plaintiff filed suit against defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. This matter is presently before the court on defendant Edward C. Gillette's motion for reconsideration of the court's order denying Mr. Gillette's motion for attorneys' fees (doc. 152). As explained below, the motion is denied.

**I.**  **Factual and Procedural Background**

Plaintiff Lester Dean is the sole owner and managing member of Glacier Development Company ("Glacier"). Glacier buys and develops commercial and residential real estate. In 2001, defendant H. Vincent Monslow, an attorney, began providing legal services to plaintiff and Glacier in connection with an application for a special use permit that plaintiff and Glacier filed with the Unified Government of Wyandotte County/Kansas City, Kansas in July 2001. The application for a special use permit related to plans of plaintiff and Glacier to develop for commercial use certain property owned by Glacier in Kansas City, Kansas. Mr. Monslow continued to provide legal

services to plaintiff and Glacier throughout 2002 and 2003. These services included working on an appeal from the denial of the special use permit and assisting plaintiff and Glacier in condemnation proceedings initiated by the State of Kansas with respect to the Glacier property in Kansas City, Kansas.

In early 2004, Mr. Monslow formally ceased his representation of plaintiff and Glacier after they refused to pay Mr. Monslow certain legal fees that Mr. Monslow asserts he was owed for work performed in connection with the application for special use permit and the condemnation proceedings. On February 18, 2004, Mr. Monslow filed suit against plaintiff and Glacier in Kansas state court seeking to recover legal fees for the services he provided to plaintiff and Glacier. Defendant Edward Gillette, an attorney, represents Mr. Monslow in the underlying state court action. Shortly after Mr. Monslow filed his action against plaintiff and Glacier, plaintiff filed this suit alleging that Mr. Monslow and Mr. Gillette violated the FDCPA in various respects in attempting to recover the legal fees allegedly owed to Mr. Monslow.

Both defendants filed motions for summary judgment and, in April 2005, the court granted those motions. With respect to plaintiff's FDCPA claim against Mr. Monslow, the court reasoned that Mr. Monslow was not a "debt collector" as that phrase is defined in the FDCPA. With respect to plaintiff's FDCPA claim against Mr. Gillette, the court held that the debt at issue was not incurred "for personal, family or household purposes" as required by the FDCPA, *see* 15 U.S.C. § 1692a(5) (the FDCPA applies only to an obligation to pay money "arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes"), because the legal services provided to

plaintiff were provided for the purpose of assisting plaintiff with various commercial endeavors, including the development of certain property for commercial buildings.

Finally, the court concluded that plaintiff brought this action against Mr. Monslow in bad faith and for the purpose of harassment and, thus, granted Mr. Monslow's request for an award of fees in the amount of $42,166.47.  *See* 15 U.S.C. § 1692k(a)(3).  The court denied Mr. Gillette's motion for fees on the grounds that Mr. Gillette failed to submit to the court any billing records and, thus, the court could not determine the reasonableness of Mr. Gillette's request.  Mr. Gillette now seeks reconsideration of that order.

**II.     Discussion**

In his motion for fees pursuant to 15 U.S.C. § 1692k(a)(3), Mr. Gillette requested that the court award him reasonable attorney's fees for work expended and costs incurred in connection with this lawsuit in the amount of $64,152.  The court did not address whether Mr. Gillette would be entitled to an award of fees under section 1692k(a)(3); rather, the court denied the motion in its entirety on the grounds that Mr. Gillette failed to submit to the court any billing records whatsoever.  *See Case v. United Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel for the party claiming fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Mr. Gillette urges in his motion for reconsideration that the court's order was erroneous

for two reasons. First, Mr. Gillette contends that "contemporaneous" time records are not a prerequisite to an award of fees, citing the Tenth Circuit's decision in *Carter v. Sedgwick County, Kansas*, 929 F.2d 1501 (10th Cir. 1991). In *Carter*, however, the Circuit simply held that the district court did not abuse its discretion in considering reconstructed, as opposed to contemporaneous, time records in support of a fee application. *See id.* at 1506. Significantly, those reconstructed time records "consisted of extremely detailed itemization of time spent on specific aspects of the plaintiff's case." *Id*. By contrast, Mr. Gillette did not submit any time records–contemporaneous or otherwise–and he did not attempt to provide any itemization of time spent on any particular aspect of the case. Mr. Gillette submitted only conclusory affidavits in support of his assertion that the time spent by his counsel was reasonable. *Carter*, then, is distinguishable from the facts here and does not in any way suggest that this court's prior order was in error.

Mr. Gillette next contends that this court had sufficient evidence before it to analyze the reasonableness of his fee request given the court's "familiarity with the legal work done on this case as well as the evidence submitted in support of Mr. Monslow's fee application." The court rejects this argument. Aside from ruling on the defendants' motions for summary judgment, the court had no "familiarity" with the legal work done by any of the parties in this case. All motions filed prior to the summary judgment motions–including motions to strike and several motions relating to discovery–were all addressed by the magistrate judge assigned to this case. With respect to the fee application submitted by Mr. Monslow, Mr. Monslow requested an amount significantly less than the amount requested by Mr. Gillette. In fact, Mr. Monslow's request was

4

one-third less than Mr. Gillette's request. Mr. Monslow's application, then, does not support the conclusion that Mr. Gillette's request is a reasonable one.

For the foregoing reasons, Mr. Gillette has not persuaded the court that its prior ruling was erroneous and the court reiterates that Mr. Gillette's motion was properly denied as Mr. Gillette failed to submit competent evidence demonstrating the reasonableness of his request. In addition to his arguments that the court's ruling was erroneous, Mr. Gillette requests the court reconsider its ruling to prevent manifest injustice by permitting Mr. Gillette to supplement his fee application with contemporaneous time records–records that Mr. Gillette has now submitted with his motion for reconsideration. The court would be acting within its discretion to deny the request as the billing records of Mr. Gillette's counsel could have and should have been submitted with Mr. Gillette's initial motion for fees. *See LPG Holdings, Inc. v. Casino America, Inc.*, 2000 WL 1637536, at *7 (10th Cir. Nov. 1, 2000) ("It is settled that a Rule 59(e) motion cannot be used to present evidence that could and should have been presented prior to entry of final judgment."); *accord* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995) (same).

In any event, no manifest injustice will result from the court's refusal to consider the records submitted by Mr. Gillette because the court concludes that Mr. Gillette is not entitled to fees under the FDCPA. Mr. Gillette's request is made pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA, which permits the court to award such fees to a defendant in a FDCPA case where the court finds that the case "was brought in bad faith and for the purpose of harassment." While the Tenth Circuit has not had the opportunity to analyze the meaning of "bad faith" for purposes of

section 1692k(a)(3), other courts have recognized that "bad faith" under the FDCPA is determined using an objective standard, rather than a subjective one. That is, courts will not find "bad faith" if a plaintiff has a colorable argument in support of his or her claim. *See, e.g., Horkey v. J.V.D.B. & Assocs.*, 333 F.3d 769, 775 (7th Cir. 2003) (district court correctly denied defendant's motion for fees under FDCPA where plaintiff presented colorable arguments in support of claim); *Strange v. Armor Systems Corp.*, 2004 WL 46244, at *2 (N.D. Ill. Jan. 7, 2004) ( no bad faith where plaintiff offered enough legal argument to suggest that his claim was colorable); *Fraenkel v. Messerli & Kramer, P.A.*, 2004 WL 1765309, at *4 (D. Minn. July 29, 2004) (denying defendant's request for fees under the FDCPA where the parties took differing interpretations of relevant caselaw and although the court rejected plaintiff's position, it was not "so frivolous as to amount to bad faith"); *Veach v. Sheeks*, 2002 WL 826401, at *1 (S.D. Ind. Apr. 16, 2002) (denying defendant's request for fees under FDCPA where the plaintiff made colorable arguments in support of claim).

The court previously awarded fees to defendant Mr. Monslow after concluding that plaintiff brought this action against Mr. Monslow in bad faith and for the purpose of harassment. As the court held in connection with Mr. Monslow's request for fees, plaintiff persisted in pursuing his claim against Mr. Monslow despite the fact that even the most cursory review of the statutory language revealed that Mr. Monslow was a creditor and not a debt collector within the meaning of the FDCPA. Stated another way, plaintiff failed to present a colorable argument in support of his claim for relief against Mr. Monslow. In contrast, Mr. Gillette was attempting to collect a debt on behalf of another and, thus, arguably constituted a debt collector within the meaning of the Act.

Moreover, while the court ultimately dismissed plaintiff's claim as to Mr. Gillette on the grounds that plaintiff's debt was not incurred "for personal, family, or household purposes" as required by the FDCPA, plaintiff made colorable arguments in support of his claim that the debt was incurred for personal, as opposed to commercial, purposes.  As argued by plaintiff, he had a uniquely "personal" interest in the development of the property because he is the sole owner of Glacier and, thus, the legal services were provided for purposes personal to plaintiff in some respects.  In addition, plaintiff maintained that to the extent the debt was commercial at the outset, it was transformed into a "personal" debt based on Mr. Monslow's subsequent conduct.  This argument was based on a district court decision from another jurisdiction, *Moore v. Principle Credit Corp.*, 1998 WL 378387 (N.D. Miss. Mar. 31, 1998).  While the court rejected this argument, plaintiff presented a good faith interpretation of the statute and existing case law thereunder.  In such circumstances, the court, even if it has suspicions about plaintiff's motivation in filing this lawsuit, cannot conclude that plaintiff's claim against Mr. Gillette was brought in bad faith.

For the foregoing reasons, Mr. Gillette's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Edward C. Gillette's motion for reconsideration (doc. #152) is **denied**.

**IT IS SO ORDERED.**

Dated this 27th day of October, 2005, at Kansas City, Kansas.

7

               <u>s/ John W. Lungstrum</u>
               John W. Lungstrum
               United States District Judge